IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE DOSS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-01158-M (BT) |
| | § | |
| CHRIS CASTONON, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Willie Doss, Jr., a Texas prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983 claiming, in essence, that his criminal defense attorney was ineffective, coerced him into taking the State's plea offer, and conspired with the trial court judge to obtain his conviction. *See* Compl. (ECF No. 3 at 4.) The Court granted Doss leave to proceed *in forma pauperis* but has not issued process pending judicial screening. For the following reasons, Doss's complaint should be dismissed.

**Background**

While Doss's complaint is short on underlying facts, it appears that he was convicted of aggravated assault with a deadly weapon and, on September 4, 2014, was sentenced to thirty-two years' imprisonment. *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04551722 (last visited September 20, 2021); *see also Ex parte Doss*, 2015 WL 13388317, at *1 (Tex. Crim. App. Sept. 16, 2015).

1

He complains here that his criminal-defense attorney, Chris Castonon, violated his constitutional rights by "coercing" him into accepting a thirty-two-year sentence. *See* Compl. (ECF No. 3 at 4.) Castonon allegedly told Doss that he would receive a life sentence if he did not "sign for 32 years." *See id*. at 4.[1] Further, Castonon allegedly was not prepared for trial and conspired with the trial court judge in a "scheme" to convict Doss. *Id*. By his lawsuit, Doss seeks $20 million in compensatory damages. *Id*. at 4.

## Legal Standards

Doss's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to

---

[1] Doss also attached a letter addressed to the Honorable Richard Beacom Jr., of the 354th Judicial District Court. *See* Compl. (ECF No. 3 at 6). In the letter, Doss notes that he was sentenced to 32 years' imprisonment for aggravated assault with a deadly weapon, which he blames on his attorney's alleged defective performance and coercion. He claims that Castonon knew that Doss cannot read or write, yet he still gave Doss "some papers" and insisted that Doss read them himself. *See id*. Further, Doss maintains that Castonon told Doss and his family that Doss would get a life sentence if he did not accept the 32-year offer. *Id*. Doss felt, and apparently continues to feel, that this was coercive. Doss allegedly expressed his concerns to the "judge," who rebuffed them, ensuring Doss of Castonon's competency. Although it is unclear whether Doss considers the allegations in the letter as part of his federal complaint, the undersigned has considered them in analysis set forth herein.

2

> state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Doss's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

Doss has not alleged that his sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 487. And the Court's own research confirms the same: as to the aggravated assault conviction, the Texas Court of Criminal Appeals denied Doss's petition for state habeas relief on September 16, 2015, and it does not appear that Doss filed a federal habeas petition. *See Ex parte Doss*, 2015 WL 13388317, at *1. Thus, if Doss's claims would necessarily imply the invalidity of his sentence, they are not cognizable in this Section 1983 action until that sentence is overturned. *See Heck*, 512 U.S. at 486.

A judgment from this Court finding that Doss's criminal attorney was ineffective during the criminal proceedings leading to his current sentence, coerced him into accepting a plea agreement in connection with that sentence, or conspired with the trial judge to secure the sentence would necessarily imply the invalidity of the sentence, so the *Heck* bar applies. *See, e.g., Ivie v. Thompson*, 2016 WL 6905954, at *4 (N.D. Tex. Nov. 22, 2016)

("A ruling in favor of Plaintiff's multiple claims that the defendants engaged in a conspiracy to violate his rights, that counsel provided constitutionally ineffective assistance, the prosecutor engaged in prosecutorial misconduct, and that the court reporter altered his trial transcript for the appeal, would necessarily imply the invalidity of his conviction.") (citing *Boyd v. Biggers*, 31 F.3d 279, 282-83 (5th Cir. 1994) (finding that *Heck* barred ineffective-assistance-of-counsel and withholding-exculpatory-evidence claims); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) (holding that a decision granting inmate injunctive or declaratory relief on allegations of evidence tampering, ineffective assistance of counsel, and prosecutorial misconduct would necessarily imply invalidity of conviction and was thus barred by *Heck*); *Vasquez v. Dunn, et al.*, 2011 WL 5878428, at *2 (N.D. Tex. Sept. 8, 2011) (further citations omitted)); *see also Calderon v. Bandera Cnty.*, 2014 WL 6769694, at *13 (W.D. Tex. Dec. 1, 2014) ("Insofar as plaintiff argues he was coerced or tortured until he confessed and entered pleas of guilty or nolo contendere in his two state criminal cases, plaintiff's attacks upon his state criminal convictions are foreclosed by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994)[.]"); *Collins v. Louisiana*, 2009 WL 1421320, at *3 (W.D. La. May 20, 2009) (finding that *Heck* barred the plaintiff's ineffective assistance of counsel claim when the plaintiff had not alleged that his conviction had been reversed, invalidated, or expunged); *Brisco v. Grantham*, 2003 WL 21321217, at *2 (N.D. Tex. Mar. 27, 2003),

5

*rec. accepted*, 2013 WL 21517781 (N.D. Tex. Apr. 14, 2003) (finding that the plaintiff's claims challenging the voluntariness of his guilty plea, the ineffectiveness of his trial counsel, and a conspiracy between the plaintiff's attorney, the district attorney and police officers would "necessarily implicate the validity of his confession . . . and inevitably affect the duration of his confinement" and were therefore barred under Heck, as the plaintiff did not allege his conviction had been reversed, invalidated, or expunged).

Because *Heck v. Humphrey* clearly bars Doss's claims, his complaint may be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b). *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous). And even if *Heck* did not bar Doss's claims here, they would still fail because Castonon is not a state actor for purposes of Section 1983. *See Kalluvilayil v. Burns*, 2013 WL 12098730, at *3 (N.D. Tex. Aug. 30, 2013) (noting that "[a] defense attorney, whether appointed or retained, does not act under color of state law") (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed

6

pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. However, leave to amend is not warranted if the amendment would be futile, as is the case where *Heck* clearly bars a plaintiff's claims. *See Livingston v. Ward*, 2021 WL 3480007, at *6 (E.D. Tex. June 4, 2021), *rec. accepted*, 2021 WL 3471205 (E.D. Tex. Aug. 5, 2021) (collecting cases). Because *Heck* clearly bars Doss's claims here, the Court declines to give him leave to amend.

## Conclusion

The Court recommends that Doss's complaint should be DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i).

SO RECOMMENDED.

September 24, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).